CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
August 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Robin Bordwine
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **MEMORANDUM ORDER** |
| **v.** | ) | **Criminal No.: 1:26po25** |
| | ) | |
| **GARY RAINS,** | ) | |
| **Defendant** | ) | |

Gary Rains, ("Rains"), appeared before the undersigned for an initial appearance on a petty offense violation on April 1, 2026. (Docket Item No. 2.) At that time, Rains pleaded guilty to a violation of 36 C.F.R. § 4.2(b), incorporating Kentucky Revised Statute § 304.99-060, for having no vehicle insurance at the time of a traffic stop on December 21, 2025. This court convicted Rains of the offense and imposed a fine of $500.00 and a mandatory special assessment of $10.00. Judgment was, thereafter, entered on April 8, 2026. (Docket Item No. 4.) This matter currently is before the court on Rains's Motion to Vacate Judgment,[1] (Docket Item No. 5) ("Motion"). In accordance with the court's June 12, 2026, Minute Order, (Docket Item No. 6), the United States responded to the Motion on June 17, 2026. (Docket Item No. 8) ("Response.") Thereafter, the court ordered Rains to file any response by July 2, 2026. (Docket Item No. 9.) To date, Rains has filed no such response. Based on the reasoning set forth below, the court will deny the Motion.

In his Motion, Rains states that he now has found his insurance card showing that he did, in fact, have insurance coverage on the date the violation notice was issued. In support of his Motion, Rains attached a State Farm Mutual Automobile Insurance Company, ("State Farm"), insurance card, indicating that he had insurance

[1] Although Rains asks the court to "amend his charge," the court has construed the motion as a motion to vacate judgment.

coverage on his 2004 Toyota Prerunner from August 29, 2025, to February 28, 2026. (Docket Item No. 5-1.) In its Response, the United States avers that on June 15, 2026, United States Park Ranger Chandler Shepherd contacted a State Farm representative regarding Rains's insurance coverage. As part of that contact, the State Farm representative, Crystal Brooks, informed Ranger Shepherd that, although Rains had been insured through a different State Farm office, she was able to access his insurance information with State Farm. (Docket Item No. 8-1.) Brooks provided Ranger Shepherd information showing that Rains had automobile insurance on a 2004 Toyota Prerunner with an inception date of August 29, 2025. (Docket Item No. 8-1.) However, Brooks provided further information that this insurance was subsequently terminated on November 27, 2025. (Docket Item No. 8-1.) Additionally, the United States avers that, prior to the April 1, 2026, hearing on the violation, Rains contacted the United States Attorney's Office and provided information that his vehicle was insured with Direct Insurance Company, ("Direct"), for the period from December 26, 2025, to December 26, 2026. (Docket Item No. 8-2.)

Given Rains's action of purchasing insurance on the same vehicle with a different insurance company, which would overlap the State Farm policy by approximately two months, the court cannot find credible Rains's claim that he had insurance with State Farm on the date of the violation. If the issue was a lost insurance card, as Rains appears to claim in his Motion, the remedy would be to obtain a replacement card, not to purchase a duplicate policy. Thus, based on Rains's knowing and voluntary guilty plea, the information provided by State Farm representative Brooks that Rains's coverage was terminated on November 27, 2025, and Rains's production, prior to the hearing, of proof of insurance with a different insurance company beginning on December 26, 2025, I cannot find that there is sufficient evidence to vacate the judgment in this case.

For the reasons stated herein, it is **ORDERED** that Rains's Motion to Vacate Judgment, (Docket Item No. 5), is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Order to Rains and to all counsel of record.

**ENTERED**: August 14, 2026.

/s/ *Pamela Meade Sargent*

UNITED STATES MAGISTRATE JUDGE